IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FRED LEE WILLIAMS**                                                          **PLAINTIFF**
**ADC #093355**

V.                  **CASE NO. 4:16-CV-506-SWW-BD**

**DON HOLLINGSWORTH, et al.**                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**      **Screening:**

The Court must review every complaint filed by a prisoner to identify claims that can proceed and dismiss claims that are frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief against a defendant who is immune from paying damages. See 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement showing that the plaintiff is entitled to relief, the factual

allegations set forth must be sufficient to raise the right to relief above the speculative level. See Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must include enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

**III.    Analysis:**

Mr. Williams claims that Defendants unlawfully searched his home on April 10, 2013, and took possession of his Samsung flip phone. (#8) A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, however, as long as the State provides a post-deprivation remedy to address the property loss. See *Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Mr. Williams has a remedy under the laws of the State of Arkansas, that is, a claim for conversion. See, *e.g.*, *McQuillian v. Mercedes-Benz Credit* Corp., 331 Ark. 242, 247, 961 S.W.2d 729, 732 (Ark.1998) (conversion is a common-law tort action for the wrongful possession or disposition of another's property). Because Mr. Williams has an adequate State post-deprivation remedy, he has not stated a constitutional claim and cannot proceed under § 1983.

Even if Arkansas did not have an available post-deprivation remedy, Mr. Williams's claims still could not proceed. Claims brought under § 1983 are governed by the statute of limitations for personal injury actions in the state in which the claim arose. *Sanchez v. United States*, 49 F.3d 1329 (8th Cir. 1995). In Arkansas, that is three years from the date of the incident giving rise to the cause of action. ARK. CODE ANN. §16-56-105(3) Because the incident Mr. Williams complains of occurred on April 10, 2013, more than three years before he filed this case on July 13, 2016, his claims would be barred by the statute of limitations.

### IV.   Conclusion:

The Court recommends that Mr. Williams's claims be DISMISSED, with prejudice, based on his failure to state a claim upon which relief may be granted. The Court also recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an IFP appeal of this dismissal be considered frivolous and not in good faith.

DATED this 12th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE